IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE MOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 20-1468 |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER

Pending in this Social Security appeal are Plaintiff's Motion to Proceed Anonymously [ECF No. 6], Motion for Extension of Time to Filed the Sealed Affidavit of Actual Name [ECF No. 17], and Motion to Direct the Defendant to File a Redacted Administrative Record and/or to File It Under Seal [ECF No. 20]. Defendant filed a Response to Plaintiff's Motions [ECF No. 27], and Plaintiff filed a Reply [ECF No. 32]. After careful consideration of the submissions of the parties, Plaintiff's Motions are granted in part.

Plaintiff's Motion to Proceed Anonymously [ECF No. 6] is granted as follows. Plaintiff seeks to proceed under the pseudonym, Jane Moe, because she is a victim of domestic violence by an out-of-state family member and has been granted protection of her physical location through Pennsylvania's Address Confidentiality Program ("ACP"). [ECF No. 6, at 1-2]. Plaintiff asserts that proceeding under a pseudonym will help prevent further injuries from her abuser "by barring him from narrowing down [her] location through a publicized civil case." Id. In Response, Defendant reiterates the general public policy against granting anonymity to litigants, but acknowledges that Plaintiff's concerns about protecting her identity and location from an abuser go beyond a generic concern about having her medical issues publicized. [ECF No. 27]. Given Defendant's acknowledgment, and after review of the factors set forth in Doe v. Megless,

654 F.3d 404 (3d Cir. 2011), which provides guidance to courts within this Circuit in determining whether to permit a party to proceed anonymously, I find that Plaintiff has demonstrated a reasonable fear of severe harm that outweighs the public's interest in open litigation. In addition to her allegations of past abuse and fear of future abuse, Plaintiff has gone to great lengths outside this appeal to keep her identity and location confidential, including participating in the ACP. Moreover, Plaintiff's identity is known to Defendant and, thus, concealing it on the docket will not hinder Defendant's ability to evaluate the merits of Plaintiff's appeal. There is no indication that Plaintiff is a public figure or that her motives are fabricated or illegitimate. In light of her assertions, Plaintiff shall continue to be identified as "Jane Moe" on the docket and in any pleadings, motions, briefs, and orders filed in the case.[1] See Megless, 654 F.3d at 408-09.

Plaintiff also has moved for an extension of time to file an Affidavit of Actual Name with the Court until after my decision on the Motion to Proceed Anonymously. [ECF No. 17]. Plaintiff's Motion for extension is granted, and, given that I am ruling in her favor on the Motion to Proceed Anonymously, she is directed to file her Affidavit of Actual Name, under seal, forthwith. Plaintiff shall not be required to file a redacted version of the Affidavit of Actual Name.

Finally, Plaintiff has moved for an order directing Defendant to file the Administrative Record under seal or with redaction of Plaintiff's name, contact information, social security number, birth date, financial account numbers, and names and contact information of those with whom she has had a personal relationship.[2] [ECF No. 20]. Defendant does not meaningfully oppose Plaintiff's Motion, asserting only that granting Plaintiff permission to proceed anonymously may obviate Plaintiff's concerns regarding the record. [ECF No. 27, at 3-4]. As set

---

[1] Defendant's request that Plaintiff alternatively proceed using her first name and last initial in lieu of "Jane Moe" is denied. [ECF No. 27]. Plaintiff asserts that her first name is distinctly unusual and, thus, this option would not adequately protect her identity. Moreover, contrary to Defendant's suggestion, a search of social security caselaw did not reveal a plethora of cases using "Jane Moe" as a pseudonym. Thus, Defendant's concerns about confusion in this regard are not persuasive.

[2] Although Federal Rule of Civil Procedure 5.2(c) restricts remote electronic access to the administrative record to the parties and their attorneys, members of the public still may access the record at the courthouse. Id.

forth above, Plaintiff has shown a particularized interest (concealment from an abuser) that outweighs the need for public access to the records at issue in this case.[3] Accordingly, Defendant shall file the administrative record under seal. Due to length of the administrative record and the volume of personal identifying information likely contained therein, Defendant is not required to file a redacted copy of the record. See Fed. R. Civ. P. 5.2(d).

THEREFORE, this 11th day of February, 2021, it is ORDERED that Plaintiff's Motion to Proceed Anonymously [ECF No. 6] is GRANTED and Plaintiff shall continue to be referred to as "Jane Moe" on the docket sheet, in the caption, and in the body of any pleadings, motions, briefs, opinions or orders filed in this case. Plaintiff's Motion for Extension of Time to File the Sealed Affidavit of Actual Name [ECF No. 17] is GRANTED. Since Plaintiff's Motion to Proceed Anonymously has been granted, Plaintiff is directed to file her Affidavit of Actual Name, under seal, forthwith. Plaintiff shall not be required to file a redacted version of the Affidavit of Actual Name. Plaintiff's Motion to Direct the Defendant to File a Redacted Administrative Record and/or to File It Under Seal [ECF No. 20] is GRANTED insofar as Defendant shall file the Administrative Record/Transcript under seal without access to the public at the courthouse. Defendant is not required to file a redacted copy of the Record.

Defendant is FURTHER ORDERED to file the Answer and Transcript or otherwise respond to Plaintiff's Complaint by February 22, 2021.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] The other reasons Plaintiff cites in support of remaining anonymous and/or sealing the record - including the effect on her mental health, the social stigma attached to mental illness, concerns about identity theft, and concerns about friends, coworkers, or the media finding out about her case – are not appropriate additional reasons in this case for granting the relief sought, and I have not relied on them here.