IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JANE MOE, ) | |
| ) | |
| Plaintiff, ) | 2:20-CV-01468-DWA |
| ) | |
| vs. ) | |
| ) | |
| ANDREW MARSHALL SAUL, IN HIS ) | |
| OFFICIAL CAPACITY AS COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| | |
| Defendant. | |

AMBROSE, United States Senior District Judge

    On March 3, 2021, I denied Plaintiff's Motion to Compel Discovery (ECF No. 38) after consideration of the Motion and Defendant's Response in Opposition. (ECF No. 42). Plaintiff has filed a Motion to Reconsider the March 3, 2021 Order and Brief in Support (ECF Nos. 46, 47), and Defendant has filed a Response in Opposition thereto (ECF No. 49). After careful consideration, Plaintiff's Motion for Reconsideration is denied.

    As an initial matter, I note that Plaintiff erroneously assumes her Motion falls under Federal Rule of Civil Procedure 60(b). Rule 60(b), however, applies only to final orders and judgments. Here, my adjudication of the Motion to Compel was not a final order or judgment. Therefore, my Order denying the Motion to Compel is "subject to revision at any time" before the entry of final judgment, and I am not limited by the grounds for relief set forth in Rule 60(b). See Fed. R. Civ. P. 54(b), 60(b). Regardless of the order at issue, "'[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Confer v. Custom Eng'g Co. Employee Health Benefit Plan, 760 F. Supp. 75, 77 (W.D. Pa.) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir.1985)), aff'd in part, 952 F.2d 41 (3d Cir. 1991). In light of "the interest in finality, however, courts should grant motions for reconsideration sparingly." In re

Mushroom Transp. Co., 249 B.R. 632, 633 n.1 (E.D. Pa. 2000) (citing Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)).

In my original order, I noted that the Court's jurisdiction over this case is based on the Social Security Act, 42 U.S.C. § 405(g), which ordinarily does not permit discovery, and I found no circumstances warranting the same. To the extent Plaintiff raises the same arguments in her Motion for Reconsideration as in her original Motion to Compel, I reviewed these arguments thoroughly in considering her initial motion and they are not grounds for reconsideration. Plaintiff's new citation to Hummel v. Heckler, 736 F.2d 91 (3d Cir. 1984) as an exception to the no discovery rule is likewise unpersuasive. In Hummel, the claimant was allowed to engage in limited discovery for the purpose of determining facts bearing on possible ALJ bias of which she became aware after the administrative proceedings had concluded. Id. at 95. Plaintiff, however, has not alleged circumstances analogous to the factual scenario in Hummel. Plaintiff here relies on a spoliation of evidence theory involving material she believes was withheld from the administrative record. Given that the administrative record is still being prepared and has not yet been filed with the Court, this argument is speculative, at best. A party's speculation as to what the record may or may not contain is not grounds for granting a motion to compel discovery or for reconsideration of an order denying the same.

Accordingly, this 24th day of March, 2021, it is ORDERED that Plaintiff's Motion for Reconsideration of (ECF No. 46) is DENIED.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose,
United States Senior District Judge